```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
```
**SOUTHERN DIVISION at PIKEVILLE**

BOBBY J. JONES,                )
                               )
    Plaintiff,                 )
                               ) Civil Action No. 07-122-JMH
                               )
v.                             )
                               )
MICHAEL J. ASTRUE, COMMISSIONER ) **MEMORANDUM OPINION AND ORDER**
OF SOCIAL SECURITY,            )
                               )
    Defendant.                 )
                               )
                               )

                  **       **       **       **       **

This matter is before the Court on cross motions for summary judgment [Record Nos. 9 and 10][1] on the plaintiff's appeal of the Commissioner's denial of his application for supplemental security income and disability insurance benefits. The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 23, 2004, the plaintiff filed a timely written request for hearing regarding his repeatedly denied requests for disability and supplemental security income benefits. Administrative Law Judge (hereinafter, "ALJ") Andrew J. Chwalibog

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

held a hearing on Plaintiff's application on December 13, 2005, and a supplemental hearing on March 13, 2006. At the time of the ALJ's decision, the plaintiff was 49 years old. He has a ninth grade education and past relevant work as a construction worker and roofer. (Transcript of Record ("Tr.") 430, 444).

Plaintiff alleges disability beginning on November 26, 2006, which was the last time he considered himself able to work. (Tr. 431). Plaintiff claims to suffer from chronic stiffness and fatigue, diabetes, coronary artery disease, Hepatitis C, loss of vision, and headaches. (Tr. 133). On June 23, 2006, the ALJ made the following findings of fact in determining the Plaintiff was not entitled to disability benefits:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2008.
>
> 2. The claimant has not engaged in substantial gainful activity at any time relevant to this decision.
>
> 3. The claimant has the following severe impairments: degenerative cervical and lumbar disc disease, osteoarthritis, diminished visual acuity (left eye), history of coronary artery disease, history of Hepatitis C, and history of insulin-dependent diabetes mellitus.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. [T]he claimant has the residual functional capacity to perform a restricted range of light work activity.
>
> 6. The claimant is unable to perform any past relevant work.
>
> 7. The claimant was born on June 4, 1957 and was 46 years old on the alleged disability onset date. He is currently 49 years of age and has therefore, for the purpose of this decision

been considered to be a 'younger individual 45-49' as defined in the regulations.

8. The claimant has a limited education and is able to communicate in English.

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a "disability," as defined in the Social Security Act, from November 26, 2003 through the date of this decision.

(Tr. 23-24).

## II. OVERVIEW OF THE ALJ HEARING

In determining whether a claimant is disabled or not, the ALJ conducts a five-step analysis:

1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.

4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

> 5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Heston v. Comm'r of Social Security,* 245 F.3d 528, 530 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Services,* 14 f.3d 1107, 1110 (6th Cir 1994).

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Services.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, *see* 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion. *Landsaw v. Sec'y of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a

4

reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

## IV. ANALYSIS

Plaintiff argues that the case should be remanded because the hypothetical question given to the vocational expert was inaccurate and did not fairly and accurately represent Plaintiff's actual medical condition.  In support of his argument, Plaintiff cites *Varley v. Sec'y of Health and Human Services*, 820 F.2d 777 (6th Cir. 1987), which states that, "substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question, but only if the question accurately portrays [plaintiff's] individual physical and mental impairments." *Id*. at 779.  Plaintiff believes *Varley* dictates the result in this case, as he claims that the ALJ incorrectly posited his residual functional capacity assessment to the vocational expert at the March 13, 2006 supplemental hearing.  Among the other limitations posited to the vocational expert in the hypothetical, the ALJ stated there could be "no overhead work with the upper extremities." (Tr. 452).  Plaintiff claims this was error, as the physical evaluation performed by Dr. Jules Barefoot indicates that the physical function of "reaching" is affected by the impairment. (Tr. 410).  Plaintiff claims that the difference in activity level between reaching and overhead reaching affected the judgment of the

5

vocational expert; thus, rendering the vocational expert's testimony incredible and ALJ's decision to deny benefits lacking in substantial evidence.

Whether the ALJ's hypothetical limiting Plaintiff to no overhead reaching, as opposed to no reaching at all, is accurate, as required by *Varley*, can be determined by an examination of the medical records. Plaintiff is correct in his assertion that Dr. Barefoot noted Plaintiff's inability for reaching by checking "YES" in response to the question: "Are the following PHYSICAL FUNCTIONS affected by the impairment - Reaching?" (Tr. 410). This, however, is contradicted by the report of Plaintiff's Range of Motion, on the next page of the record. There, diagrams demonstrate Plaintiff's range of shoulder flexion[2] and shoulder abduction[3]. For the ranges of motion available to Plaintiff, Dr. Barefoot observed 100° of flexion (out of 150°) for both the left and right arms, and 100° of abduction (out of 150°) for both the left and right arms. (Tr. 411). This indicates that Plaintiff was able to move his extended arms both in front of and to the side of his body to a degree slightly above even with his shoulder. Thus, the Range of Motion Report indicates that Plaintiff could reach, extending his

---

[2] Flexion is defined as raising the arm away from the body to the front. (See Commissioner's Mot. Summ. J., p. 7, n. 1).

[3] Abduction is defined as lateral movement away from the midline of the body. Moving the upper arm up or away to the side away from the body. (See Commissioner's Mot. Summ. J., p. 7, n. 2).

arms up to a certain level, but was unable to raise his arms above the head. This provides support for the limitation of overhead reaching in the ALJ's hypothetical question.

In *Hardaway v. Sec. of Health & Human Services*, 823 F.2d 922 (6th Cir. 1987), the Court stated that where there was conflicting evidence from different doctors, the ALJ was entitled to determine which evidence was to be included in the hypothetical question. "The determination of disability must be made on the basis of the entire record and not on only some of the evidence to the exclusion of all other relevant evidence. [...] An ALJ may ask a vocational expert hypothetical questions, provided the question is supported by evidence in the record." *Id*. at 957. In the instant case, the inclusion of "no overhead reaching" in the hypothetical question is supported by the Range of Motion Values stating that Plaintiff had 100° of motion in both arms. (Tr. 411). Therefore, the hypothetical question was accurate as required by *Varley*, and may be relied upon. Accordingly, the ALJ's decision to deny Plaintiff's request for supplemental security income and disability benefits was supported by substantial evidence.

## V. Conclusion

Accordingly, and for the foregoing reasons, **IT IS ORDERED**:

(1) That Defendant's motion for summary judgment [Record No. 10] be, and the same hereby is, **GRANTED;** and

7

(2) That Plaintiff's motion for summary judgment [Record No. 9] be, and the same hereby is, **DENIED.**

This the 10th day of October, 2007.



Signed By:
*Joseph M. Hood*
United States District Judge